UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF ILLINOIS
SS:

| | | |
|---|---|---|
| Michael Richardson, | ) | *JURY TRIAL DEMANDED* |
| Plaintiff, | ) | |
| | ) | Case No.: _____ |
| v. | ) | |
| | ) | |
| Darrell Blessing, | ) | |
| & | ) | |
| MG Logistics, Inc | ) | |
| Defendants. | ) | |
| | ) | |

## Complaint for Damages

Comes now the Plaintiff, Michael Richardson, represented by the undersigned counsel and sets forth the following:

1. Plaintiff, Michael Richardson (Hereinafter **"Plaintiff"**), is a resident of St. Johns County, Florida, and is a Citizen of the United States. Plaintiff is thirty-two (32) years old. He currently resides at 756 Grand Parke Dr, City of Saint Johns, County of Saint Johns, State of Florida.

2. Defendant, Darrell Blessings (Hereinafter **"Driver"** or collectively as **"Defendants"**), upon information and belief is a resident of Marion County, Illinois, and is a Citizen of the United States. Defendant is fifty-five (55) years old. Upon all known information and belief, it is believed he currently resides at 111 Kell St., City of Salem, County of Marion, State of Illinois.

3. Defendant, MG Logistics, (Hereinafter **"Company"** or collectively **"Defendants"**) is a business incorporated under the laws of Illinois, dealing in

matters of interstate commerce, and operating from a principal place of business located at 10505 Delta Parkway, City of Schiller Park, County of Cook, State of Illinois.

## JURISDICTION and VENUE

4. The events occurred in LaSalle County, State of Illinois. As the events occurred in LaSalle County, the Courts of the United States District Courts for the Norther District Illinois are proper venues to hear this dispute.

5. The Company is a business with its only known address for operation located in the State of Illinois. Meaning the forum is not inconvenient to it or its Driver.

6. There is complete diversity of citizenship in this matter, as required by 28 USC § 1332(a).

7. The amount in controversy between the parties is in excess of the minimum jurisdictional amount in controversy, pursuant to 28 USC § 1332(b).

8. Therefore, the Courts of the Norther District are a court of competent jurisdiction to hear this matter.

## FACTS COMMON to ALL COUNTS

9. On the morning of October 23, 2019, at approximately 5:38 am, Plaintiff was driving his 1998 Freightliner CC Convention he was eastbound on I-80 in the right-hand lane in LaSalle County, Illinois.

10. It was still completely dark on I-80 at the above time during that time of year at the time of the collision.

11. Plaintiff began to experience inexplicable mechanical failure while driving on I-80, despite having maintenance performed on the vehicle two days prior and having inspected the vehicle prior to beginning his travel.

12. Plaintiff, while trying to figure out the problem, immediately began to pull his vehicle over to the shoulder of I-80.

13. Driver at approximately the same time was driving a 2018 Volvo VNL owned by Company, MG Logistics. Inc., traveling eastbound on I-80 behind where Plaintiff's vehicle had begun experiencing mechanical failure.

14. Plaintiff was lawfully maneuvering his vehicle and following the Rules of the Road and the Federal Motor Carrier Safety Regulations (Hereinafter **"FMCSR"**) during times relevant to this complaint.

15. Plaintiff was almost completely off to the side of the road when Driver struck the back of Plaintiff's truck.

16. Driver made no attempt to slow his vehicle or maneuver to avoid the collision.

17. Driver failed to adjust his speed to assure he was not overdriving his sightline during nighttime driving.

18. Plaintiff had no reason to believe that Driver would have been traveling at an excessive speed in violation of the law.

19. Plaintiff had no reason to believe that Driver would fail to move over so that Plaintiff could safely set a perimeter within 10 minutes of being fully on the side of the road.

20. Plaintiff did not have any clear chance to do anything that would have helped avoid the collision when considering Driver's excessive speed, inattentiveness to

the conditions as to the conditions, and general lack of appreciation for the space around his vehicle.

21. Driver failed to see that the Plaintiff was merging to the shoulder of the road because of an emergency condition, because of the former's failure to follow industry standards, Illinois law, and federal law applicable to these matters.

22. Driver's failures to accordingly operate his commercial motor vehicle under the applicable standards of care for nighttime driving and current highway conditions, caused a violent impact to the rear of Plaintiff's commercial motor vehicle.

23. The collision caused by Driver caused a diesel tank to explode, thus starting a fire that consumed both vehicles.

24. It is estimated Driver was traveling at 65 to 70 miles per hour at the time of impact.

25. Driver's front and side view(s) were unobstructed, and the collision was not caused due to any visual obstructions to the Driver, besides the obvious conditions related to the dangers of nighttime driving.

26. Both commercial motor vehicles were total losses.

27. Due and owing to the negligence of Driver, and as the actual and proximate cause of his negligent behavior, Plaintiff has incurred and continues to incur physical and psychological pain and suffering as a result.

## COUNT I: NEGLIGENT OPERATION OF A COMMERCIAL VEHICLE

28. Plaintiff restates and reaffirms paragraphs one (1) through twenty-seven (27) above, as if the same were wholly set out herein.

29. As a commercial motor vehicle operated by a company and driver conducting interstate commerce, Defendants are required to be compliant with the FMCSR in the operation of the commercial motor vehicle in question. See. 49 CFR §§390.3(e)(1),(2).

30. As a commercial motor vehicle operating in Illinois at the time of the subject collision, Defendants were required to follow all applicable laws of Illinois, otherwise known as the "Rules of the Road," 625 Ill. Comp. Stat. 5/11-100, et. seq., to the extent the same is compatible with 49 CFR § 355, et. seq.

31. Driver had a duty to observe reasonable care, maneuver his vehicle in a safe manner, and operate his vehicle according to the Rules of the Road under Illinois law. 625 Illinois Compiled Statute 5/11-100, *et. seq.*

32. Driver also had a duty to keep and maintain a proper lookout when driving on a roadway. See. Guy v. Steurer, 239 Ill. App. 3d 304, 606 N.E.2d 852 (1992)( a driver has a duty to keep proper lookout, observe due care, and drive as prudent person would to avoid collision when danger is discovered, or should have been discovered by exercise of reasonable care.).

33. Moreover, as an operator with an Illinois CDL, Driver, was required to know the standards of care and general skills for operation of a commercial motor vehicle, as spelled out in the Illinois CDL Manual, as required under 625 Ill. Comp. Stat. 5/6-500, *et. seq*; 49 CFR Subt. B, Ch. III, Subch. B, Pt. 383, Subpt. G; e.g., Reed v. Ace Doran Hauling & Rigging Co., No. 95 C 4082, 1997 WL 177840, at *8 (N.D. Ill. Apr. 7, 1997) (stating, even when the FMCSR is not applicable it still demonstrates the necessary standard of care for a commercial vehicles operation).

34. All drivers of a commercial motor vehicles in Illinois are required to utilize the skills and knowledge attained to become a commercial driver. See, 49 CFR Subt. B, Ch. III, Subch. B, Pt. 383, Subpt. G.

35. Driver had a heightened duty to be mindful of hazards while operating his vehicle on I-80 in LaSalle County. See. Id.

36. Driver had a heightened duty to be mindful of hazards while operating Defendants' 2018 Volvo VNL.

37. Driver had a duty to adjust his speed so that he did not drive beyond his line of sight created by his headlights, which is the industry standard to assure commercial operators have an appropriate amount of time to stop when he or she comes upon a hazard.

38. Driver breached his duty to observe reasonable care, operate the Volvo VNL with performance of reasonable safety, keep and maintain a proper lookout, and operate his vehicle according to industry standards, Illinois law, and federal laws.

39. Driver made no attempt to stop.

40. Driver made no attempt to maneuver in a manner to avoid the collision.

41. Driver overdrove his headlights, which means he did not have the requisite time to stop that is required by the standard of care for nighttime driving.

42. Driver committed a serious traffic violation by driving at a speed excessive for nighttime driving and/or the current conditions of the road.

43. Driver's conduct was the cause of the collision between the two vehicles.

44. As a direct and proximate result of Driver's breach of duties, Plaintiff has incurred and continues to incur significant physical and emotional injuries.

45. As a direct and proximate cause of Driver's breach of duty Plaintiff has been in pain resulting from the Collision.

46. In an attempt to treat his injuries and lessen the pain, Plaintiff has sought the services of hospitals, physicians, medical technicians, and other medical personnel for treatment, medications, and other medical services thereby incurring medical expenses.

47. Plaintiff will require additional medical care and treatment in the future to treat the injuries incurred as a direct and proximate result of this collision.

48. Defendant is responsible for his negligence, and Plaintiff seeks recovery for his loss and injury.

## COUNT II: RESPONDEAT SUPERIOR

49. Plaintiff restates and reaffirms paragraphs one (1) through forty-eight (48) above, as if the same were wholly set out herein.

50. Driver was operating the semi-tractor-trailer within the scope of his employment, respondeat superior provides the proper standard for a direct action against Company for the conduct of the "Company Driver."

51. In the operation of the semi-tractor-trailer Company was the principal/master and Driver was the agent/servant in the hauling or return therefrom of chattel belonging to the Company.

52. Driver was acting within the scope of his employment and Company is vicariously liable for his negligence pursuant to the legal theory of respondeat superior. Wilson v. Edward Hosp., 2012 IL 112898, ¶ 18, 981 N.E.2d 971, 978; Oliveira–Brooks v. Re/Max International, Inc., 372 Ill.App.3d 127, 134, 309

Ill.Dec. 889, 865 N.E.2d 252 (2007); Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 525, 190 Ill.Dec. 758, 622 N.E.2d 788 (1993).

53. Company, under the theory of respondeat superior is vicariously liable for damages resulting from a specific act of negligence committed by the Driver and/or other employees within the scope of his/her/their employment.

## PLAINTIFF'S REQUEST for RELIEF

54. Plaintiff requests that this court grant the Plaintiff's damages in an amount to be determined at jury trial for his injuries suffered as a result of Defendants' negligence and lack of care, as the Plaintiff did suffer:

   a. mental and physical pain and suffering both of a temporary and permanent nature all to his detriment, in a sum to be determined by a jury sitting in the trial of this matter;

   b. the power and ability to labor and earn has been temporarily and permanently impaired all to his detriment, in a sum to be determined by a jury sitting in the trial of this matter;

   c. the expenditure of sums of money for hospital, medical and other rehabilitation expenses, and will be caused to expend such sums of money in the future in an amount to be determined by a jury sitting in the trial of this matter;

   d. Pain and suffering that is said to include—but is not necessarily limited to—loss of his ability to lead and enjoy a normal life, physical pain and suffering, mental suffering, grief, anxiety, confusion about his symptoms, humiliation, and emotional distress all to his detriment, in a sum to be determined by a jury sitting in the trial of this matter; and,

e.  lost wages in addition to the above-mentioned loss of wage-earning capacity, all of which are either permanent or continuing in nature and the Plaintiff will sustain said losses in the future.

WHEREFORE, the Plaintiff, Michael Richardson, demands judgment against the Defendants, Darrell Blessing and MG Logistics, Inc., as follows:

A.  A trial by jury on all issues of facts herein;

B.  Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

C.  For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D.  For the Plaintiff's costs herein expended; and,

E.  For any and all other relief to which the Plaintiff is entitled.

Respectfully submitted,

_____
Robert Thomas Garwood, Esq.    IN Atty: 32223-49
                                               IL Atty: 6320653
                                               KY Atty: 97001
                                               FL Atty: 1020705

**MORGAN & MORGAN**
20 NW 3rd Street, Suite 940
Evansville, Indiana 47708

Telephone:   (812) 850-6859
Facsimile:    (812) 850-6886
Email: rgarwood@forthepeople.com
*Attorney for Petitioner*

## AFFIDAVIT of PLAINTIFF

Michael Richardson, being duly sworn upon his oath, hereby certifies that the statements made in the foregoing documents are true and accurate to the best of his knowledge, information, belief, and now deposes and says as follows:

1. I am a competent adult, and I have personal knowledge of the facts and recitations herein;

5. Pursuant and consistent with the requirements of 28 USC 1332(b) I hereby now state my damages are well in excess of the minimum amount in controversy, i.e., $75,000.01;

4. That an absolute diversity of citizenship between the Plaintiff and Defendants exists in this matter, and this court is therefore an appropriate venue for this matter;

6. The statements herein contained are true to the best of my knowledge and belief;

7. If sworn as a witness, I can testify competently as to the matters herein contained;

8. I affirm under penalty of perjury that the foregoing is true.

**FURTHER AFFIANT SAYETH NOT.**

Respectfully submitted,

By: /s/ Michael Richardson
Michael Richardson

Sworn to and subscribed before me this 24 day of July, 2020.

/s/ Charlotte Pressler
NOTARY PUBLIC
County of St. Johns State of Florida

My Commission Expires: 9-11-23

CHARLOTTE PRESSLER
Notary Public-State of Florida
Commission # GG 912023
My Commission Expires
September 11, 2023